# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BENNIE DAVID GUY                                                                                      PLAINTIFF
ADC #72720

V.                                         NO: 5:12CV00439 BSM/HDY

RAY HOBBS                                                                                             DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.	Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Bennie David Guy, an inmate who is currently incarcerated at the Arkansas Department of Correction's ("ADC") Cummins Unit, filed a *pro se* petition for a writ of mandamus (docket entry #2), on November 23, 2012. Due to the nature of Plaintiff's allegations and the relief he seeks, Judge Miller directed the Clerk to classify the case as a civil rights complaint (docket entry #4).

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

In his complaint, Plaintiff seeks an order directing Defendant Ray Hobbs, the ADC Director, to transfer him from Cummins to the ADC's East Arkansas Regional Unit. According to Plaintiff, this would allow his family to visit him, and to participate in his parole hearings, while it is too expensive for them to make the more lengthy trip to visit him at his current prison unit.

Although Plaintiff suggests various constitutional violations relating to Defendant's failure or refusal to transfer him to another unit, he has no constitutional right to be housed in a particular prison. *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir.1996). *See also Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984), "[a]mong the liberties which prisoners do not enjoy is choice of cells. Transfer within the prison, or to another prison, is within the discretion of the prison officials" (internal citations omitted). To the extent that Plaintiff is attempting to raise a due process claim relating to family attendance at a parole hearing, such a claim also fails. Plaintiff has no federal constitutional or inherent right in the possibility of future parole or a conditional release before the expiration of a valid sentence, or in the determination of a specific prole eligibility date. *Greenholtz v. Inmates*

*of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)(inmate has no federal constitutionally protected liberty interest in the possibility of parole); *Smith v. Norris*, 40 Fed. Appx. 305 (8th Cir. 2002)(unpublished per curiam)(no federal right to have specific release and parole eligibility dates calculated); *Johnson v. Norris*, 2009 WL 4610267 *6 (E.D. Ark. 2009)(no constitutionally protected liberty interest or Arkansas statutory right to specific transfer or parole eligibility date). Accordingly, Plaintiff is not entitled to injunctive relief, and his complaint should be dismissed.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. All pending motions be DENIED.

DATED this   13   day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff could not be granted the relief he seeks, even if the complaint were to be construed as a petition for a writ of mandamus. FED.R.CIV.P. 81(b) abolished the writ of mandamus in civil actions in federal district courts. Although district courts do have jurisdiction "in any action in the nature of mandamus," that jurisdiction is limited to actions "to compel an officer or employee of the United States or any agency thereof to perform a duty to the plaintiff." 28 U.S.C. § 1361. Thus, this Court is without authority to issue writs of mandamus to direct state officers in the performance of their duties. *See Cook v. Hinrichs*, 500 F.Supp.2d 1225, 1227 (D.S.D 2007).